EVANS VS MOTT, et al.

1. An error committed by a court, cannot place a party prejudiced by it, in a situation less favorable to the attainment of speedy justice, than if there had been no interruption in the regular progress of the cause, and

2. A party will not be allowed to profit by an error, occasioned by his own motion; therefore,

3. Where a case in the County court, was on the appearance docket, and the writ was, on motion, erroneously quashed, and the error was corrected by the Circuit court,—the case, when returned to the County court, was properly placed on the trial docket.

The defendants in error caused to be issued a writ of *capias ad respondendum* against the plaintiff, (for the recovery of the amount due on a promissory note,) returnable to the County court of Wilcox. At the return term, the writ was quashed, and a judgment rendered against defendants; to reverse which, they prosecuted a writ of error to the Circuit court of that county—and the case there being considered, the judgment of the County court was reversed, and sent back for further proceedings, and placed by the clerk on the trial docket of that court. The plaintiff in error, at the first term after the case was remanded, moved the court to have it stricken from the trial, and placed on the appearance docket. Which motion being overruled, the plaintiff excepted, &c. and judgment was rendered against him by *nil dicit;* thereupon, he brought his case into this court for revision.

Evans *vs.* Mott, et al.

The only error relied on, was the refusal of the County court to transfer the case from its trial to its appearance docket.

*Proctor,* for plaintiff in error.
*J. B. Clarke,* contra.

COLLIER, C. J.—Had the County court have overruled the motion of the plaintiff in error to quash the writ, the case would have stood for trial, at the term at which the judgment by *nil dicit* was rendered. And shall an error committed by the court, after it has been corrected, place the party who was prejudiced by it, in a situation less favorable to the attainment of speedy justice, than if there had been no interruption to the regular progress of the cause? We think not. It is true, when the writ of error was taken to the Circuit court, the case had been pending on the appearance docket only; yet inasmuch as it would have been triable when sent back, we think the plaintiff had no right to object to a trial. The defendants were in no default, and the error of the court, from which the plaintiff claims an advantage, being occasioned by his motion, we think he should not be allowed to profit by it.

The judgment is affirmed.